## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EVANSTON INSURANCE COMPANY,

       Plaintiff,

 vs.

SEA LIGHT DESIGN-BUILD, LLC,

       Defendant.

CIVIL ACTION NO.:
1:20-CV-01685-CFC

*Electronically Filed*

---

## PLAINTIFF EVANSTON INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

---

**McGIVENY, KLUGER, CLARK & INTOCCIA, P.C.**
Kiadii S. Harmon
(DE Id. No. 5714)
1201 North Orange Street,
Suite 501
Wilmington, DE 19801
Phone: (302) 656-1200
Fax: (302) 656-1220
KHarmon@mcgivneyandkluger.com

On the Brief:

Elaine Whiteman Klinger
Gavin Fung
Kiadii S. Harmon

Dated:  April 8, 2021

Attorneys for Plaintiff,
Evanston Insurance Company

{D0097912-1}

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES .......................................................... ii

I.  Statement of the Nature and Stage of the Proceedings ............................ 1

II. Summary of Argument ................................................................. 1

III. Concise Statement of Facts ....................................................... 2

    A. The Underlying Complaint ............................................... 2

    B. Other Relevant Facts in the Pleadings ............................... 3

    C. The Evanston Policy ....................................................... 4

    D. Sea Light's Tender of the Underlying Action to Evanston ............. 7

IV. Argument ............................................................................... 7

    I. Standard of Review ........................................................ 7

    II. Evanston Has No Obligation to Defend or Indemnify Sea Light
    Because the Underlying Action Arises out of Injury to a Laborer
    Performing work on behalf of Sea Light which is Fully Excluded
    from Coverage ..................................................................... 9

V. Conclusion............................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Legacy Found., RP v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    623 F.3d 135 (3d Cir. 2010) ...................................................................8

*Blue Hen Mech., Inc. v. Atl. States Ins. Co.*,
    2011 WL 1598575 (Del. Super. Ct. Apr. 21, 2011)........................................9, 10

*Bus. Machines Corp. v. Groupon, Inc.*,
    289 F. Supp. 3d 596 (D. Del. 2017) ........................................................8

*Cincinnati Specialty Underwriters Ins. Co. v. Juan Francisco Chajon*,
    2017 WL 3233045 (N.D. Tex. July 31, 2017) ....................................... 17, 19, 20

*Essex Ins. Co. v. Bickford & Sons, L.P.*,
    2007 WL 2903850 (S.D. Tex. Oct. 2, 2007) ...............................................14

*Essex Ins. Co. v. Bossart Builders Inc.*,
    2010 WL 1975319 (N.Y.Sup.) ............................................................14

*Essex Ins. Co. v. Clark*,
    2010 WL 3911424 (N.D. Tex. Oct. 5, 2010) ..............................................14

*Essex Ins. Co. v. G-1, Inc.*,
    2012 WL 1230593 (N.Y.Sup.) ............................................................14

*Essex Ins. Co. v. Mondone*,
    106 A.D.3d 1045 (N.Y. App. Div. 2013)...................................................14

*Essex Ins. Co. v. RHO Chem. Co.*,
    145 F. Supp. 3d 780 (N.D. Ill. 2015)......................................................13

*Essex Ins. Co. v. Stone*,
    2010 WL 330328 (E.D. Mo. Jan. 21, 2010).................................................14

*Evanston Ins. Co. v. A & R Homes Dev., LLC*,
    2019 WL 661587 (N.J. Super. App. Div. Feb. 19, 2019) ...................................15

*Evanston Ins. Co. v. Alden Roofing Co., LLC*,
    2017 WL 2335517 (N.D. Tex. May 30, 2017)...............................................14

*Evanston Ins. Co. v. M & M Gen. Carpentry, LLC*,
    2020 WL 3969909 (D.N.J. July 14, 2020)(enforcing .......................................12

*Gomez v. Nicolia*,
    2008 WL 4370053 (N.Y.Sup.) ...........................................................15

*IDT Corp. v. U.S. Specialty Ins. Co.*,
    2019 WL 413692 (Del. Super. Jan. 31, 2019).............................................9

*Masonic Home of Delaware, Inc. v. Certain Underwriters at Lloyd's London*,
    80 A.3d 960 (Del. 2013)............................................................. 12, 13

*Masonic Home of Delaware, Inc. v. Certain Underwriters at Lloyd's London*,
2013 WL 3006909 (Del. Super. Ct. May 22, 2013) ............................ 2, 3, 12, 13

*O'Brien v. Progressive N. Ins. Co.*,
785 A.2d 281 (Del. 2001) .................................................................. 8, 9

*Purdue Pharma L.P. v. Collegium NF, LLC*,
2019 WL 2525399 (D. Del. June 19, 2019) ........................................ 8

*Terese v. 1500 Lorene, L.L.C.*,
441 Fed. Appx. 273 (5th Cir. 2011) (enforced .................................. 15

*Zimmerman v. Corbett*,
873 F.3d 414 (3d Cir. 2017) .............................................................. 8

Rules

Fed. R. Civ. P. 12(c) ............................................................................. 1, 7

Plaintiff, Evanston Insurance Company ("Evanston"), by and through its undersigned counsel, respectfully submits this Brief in support of its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is an insurance coverage declaratory judgment action brought by Evanston wherein it seeks a declaration that it has no obligation to defend or indemnify Defendant, Sea Light Design-Builder, LLC ("Sea Light"), in connection with an underlying bodily injury lawsuit brought against Sea Light by a laborer who alleges that he was injured while working on a construction jobsite where Sea Light was the general contractor.   Sea Light filed its Answer to Evanston's Complaint and the pleadings are now closed.  No trial date has been scheduled.

## SUMMARY OF ARGUMENT

1. The claims brought against Sea Light arise out of a construction jobsite accident (the "Project") causing bodily injury to a laborer, which are clearly and unambiguously excluded by the insurance policy issued by Evanston to Sea Light. The Evanston Policy excludes coverage for bodily injury to contractors, subcontractors, employees, volunteer workers, leased workers or temporary workers of contractors and subcontractors, and any other person who performs

labor in any capacity for Sea Light, its contractors or subcontractors.  According to the Underlying Complaint, Underlying Plaintiff, Mr. Aparicio-Munoz, was working as a laborer on the Project where Sea Light was the general contractor. This is precisely the type of bodily injury that is fully precluded from coverage by the Evanston Policy.  Delaware courts have excluded coverage for bodily injury claims such as the claims at issue here on the basis of the application of a similar clear and unambiguous exclusion. *See Masonic Home of Delaware, Inc. v. Certain Underwriters at Lloyd's London*, 2013 WL 3006909, at *7 (Del. Super. Ct. May 22, 2013), *aff'd*, 80 A.3d 960 (Del. 2013).

## CONCISE STATEMENT OF FACTS

### A.    The Underlying Complaint

On July 17, 2020, Julio Aparicio-Munoz ("Aparicio-Munoz") and Dora Luz Valenzuela Hernandez ("Hernandez") (collectively "Underlying Plaintiffs"), filed a Complaint styled *Julio C. Aparicio-Munoz and Dora Luz Valenzuela Hernandez v. Sea Light Design-Build, LLC*, C.A. No.: N20C-07-170 MMJ, in the Superior Court of Delaware[1] ("Underlying Complaint").  (Underlying Complaint, D.I. 1-1.)

---

[1] *Julio C. Aparicio-Munoz and Dora Luz Valenzuela Hernandez v. Sea Light Design-Build, LLC*, C.A. No.: N20C-07-170 MMJ, in the Superior Court of Delaware shall be referred to as the "Underlying Action".

Underlying Plaintiffs allege that on November 13, 2019, Aparicio-Munoz "was working as a laborer on a residential construction renovation/remodeling project at the Cotton Patch Hills development located at 29641 South Dune Way, Bethany Beach, Delaware 19930" where Sea Light "was responsible for the construction, development, and management of the aforesaid renovation/remodeling project." (*Id.* at ☐☐ 3, 4.)  Underlying Plaintiffs allege that Aparicio-Munoz was "performing his duties as a laborer installing window frames on the residence ... [when] he fell approximately 25 feet from an elevated 'box lift' to the ground." (*Id.* at ☐5.)

Underlying Plaintiffs allege that the construction site where Aparicio-Munoz fell was "managed, maintained, supervised, and/or under the control of [Sea Light]..." and that "the 'box lift' which [Aparicio-Munoz] was in at the time of the accident was assembled by [Sea Light]". (*Id.* at ☐☐ 7, 8.)  Underlying Plaintiffs allege that Aparicio-Munoz's injuries were the result of the negligent, careless and/or reckless conduct of Sea Light.  (*Id.* at ☐10.)

### B.    Other Relevant Facts In The Pleadings

Sea Light was the general contractor at the Project. (Complaint, D.I. 1, ☐9, Answer, D.I. 6, at ☐9.)   Sea Light asserts, in its Affirmative Defenses [2] to

---

[2] Sea Light did not assert any counterclaims against Evanston.  It asserts, however, by way of its Affirmative Defenses, a legally and factually unsupported claim of

Evanston's Complaint, that "there remains a question of fact in the Underlying Action… as to whether Mr. Aparicio-Munoz and/or his employer or company was an independent contractor".  (Answer, D.I. 6, page 7.)

### C.    The Evanston Policy

Evanston issued a commercial general liability insurance policy, Policy No. 3AA324879, effective from February 19, 2019 to February 19, 2020, to Sea Light (the "Evanston Policy").  (D.I. 1-2.)  The Evanston Policy contains an Exclusion – Employer's Liability and Bodily Injury to Contractors or Subcontractors endorsement ("Employer's Liability and Bodily Injury to Contractor Exclusion"), which provides, in relevant part, as follows:

**EXCLUSION – EMPLOYER'S LIABILITY AND**
**BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
OWNERS   AND   CONTRACTORS   PROTECTIVE   LIABILITY
COVERAGE FORM

---

bad faith in response to Evanston's request for a declaration of no duty to defend or indemnify Sea Light with respect to the Underlying Action.  (Answer, D.I. 6, Ninth Affirmative Defense, Seventeenth Affirmative Defense.)  To the extent that Sea Light's affirmative defenses are considered to be a claim against Evanston, it should be dismissed on the grounds that where there is no duty to defend or indemnify, there can be no claim for bad faith.  Especially where, as here, Evanston is defending Sea Light pursuant to a full reservation of rights.

**A.** The **Employer's Liability** exclusion under Bodily Injury and Property Damage Liability is replaced by the following:

This insurance does not apply to:

**Employer's Liability**

"Bodily injury" to:

**(1)** An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business;

**(2)** Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation; or

**(3)** The spouse, partner… or any other relative of any person described in Paragraph **(1)** or **(2)** above as a consequence of Paragraph **(1)** or **(2)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

***

**B.** The following exclusion is added to Bodily Injury and Property Damage Liability:

This insurance does not apply to:

**Bodily Injury To Contractors Or Subcontractors**

"Bodily Injury" to any:

**(1)** Contractors or subcontractor while working on behalf of any insured;

**(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above;

**(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or

**(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation.

This exclusion applies:

**(a)** Even if the claim against any insured alleges negligence or other wrongdoing in the:

   **(i)**    Selection, hiring or contracting;

   **(ii)**   Investigation;

   **(iii)**  Supervision or monitoring;

   **(iv)**   Training; or

   **(v)**    Retention

**(b)** Whether the insured may be liable as an employer or in any other capacity;

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

***

(D.I. 1-2, 60-61.)

The Evanston Policy contains the following relevant definitions:

### SECTION V – DEFINITIONS

***

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

***

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

***

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee on leave or to meet seasonal or short-term workload conditions".

{D0097912-1}6

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of an within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

(D.I. 1-2, 32-35.)

### D. Sea Light's Tender of the Underlying Action to Evanston

Sea Light sought coverage from Evanston for the Underlying Action on October 19, 2020. (Complaint, D.I. 1, □15.) Evanston agreed to defend Sea Light pursuant to a full and complete reservation of rights, expressly reserving its rights, *inter alia*, to disclaim coverage based on the Employer's Liability exclusion and the Bodily Injury to Contractors or Subcontractors exclusion, and to bring a declaratory judgment action to determine its obligation under the Evanston Policy. (*See* letter dated October 21, 2020, Exhibit C to the Complaint, D.I. 1-3.)

## ARGUMENT

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." This motion is timely as pleadings are now closed and no trial has

been scheduled.[3]   "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Purdue Pharma L.P. v. Collegium NF, LLC*, 2019 WL 2525399, at *3 (D. Del. June 19, 2019), citing *Int 'l Bus. Machines Corp. v. Groupon, Inc.*, 289 F. Supp. 3d 596, 600 (D. Del. 2017).   "A motion for judgment on the pleadings should be granted if the movant establishes that there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law."   *Id., citing Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017).

This case involves interpretation of an insurance policy, which is a question of law.  *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001).  "As with all contracts, insurance policies are interpreted to give effect to their plain language… Clear and unambiguous language in an insurance policy should be given its ordinary and usual meaning…" *Am. Legacy Found., RP v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 623 F.3d 135, 139 (3d Cir. 2010).

> … where the language of a policy is clear and unequivocal, the parties are to be bound by its plain meaning. … The Delaware courts should not "destroy or twist policy language under the guise of construing it." "[C]reating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had

---

[3]  On December 11, 2020, Evanston filed this Declaratory Judgment action against Sea Light.  (D.I. 1.)  On February 26, 2021, Sea Light filed its Answer (D.I. 6) and the pleadings are now closed.

not assented."  In construing insurance contracts, we have held that an ambiguity does not exist where the court can determine the meaning of a contract "without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends."  Indeed, we will not torture policy terms to create an ambiguity where an ordinary reading leaves no room for uncertainty.

This Court has further stated that an insurance contract is not ambiguous simply because the parties do not agree on the proper construction.  Instead, a contract is only ambiguous when the provisions in controversy are reasonably or fairly susceptible to different interpretations or may have two or more different meanings.

*O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 288 (Del. 2001) (internal citations omitted); *IDT Corp. v. U.S. Specialty Ins. Co.*, 2019 WL 413692, at *7 (Del. Super. Jan. 31, 2019).

  For the reasons that follow, there simply is no coverage available under the clear and unambiguous Evanston Policy for the Underlying Action.

## II.   EVANSTON HAS NO OBLIGATION TO DEFEND OR INDEMNIFY SEA LIGHT BECAUSE THE UNDERLYING ACTION ARISES OUT OF INJURY TO A LABORER PERFORMING WORK ON BEHALF OF SEA LIGHT WHICH IS FULLY EXCLUDED FROM COVERAGE

A review of the Evanston Policy and the Underlying Complaint reveals that there is no possibility of coverage for the Underlying Action.  The Evanston Policy contains an Employer's Liability and Bodily Injury to Contractors Exclusion.  The claims alleged in the Underlying Complaint fall squarely within the terms of the exclusion because, at the time of his accident, Aparicio-Munoz was working as a laborer on a residential construction renovation/remodeling project where Sea Light, the general contractor, was responsible for the construction, development and management of the project.  This exclusion applies regardless of whether Aparicio-Munoz was an independent contractor.

The Court generally will review only the underlying complaint and the insurance policy in its determination of the insurer's duty to defend.  *Blue Hen Mech., Inc. v. Atl. States Ins. Co.*, 2011 WL 1598575, at *2 (Del. Super. Ct. Apr. 21, 2011), *aff'd*, 29 A.3d 245 (Del. 2011).

> The duty to defend arises where the insured can show that the underlying complaint, read as a whole, alleges a risk potentially within the coverage of the policy. … The complaint must allege some grounds for liability on the part of the insured, based upon a risk covered by the policy, for the duty to defend to arise. The Court is not bound by the narrow language in a complaint filed against an insured. The Court may review the complaint as a whole, considering all reasonable inferences that may be drawn from the alleged facts. An

examination of the complaint is not limited to the plaintiff's unilateral characterization of the nature of the claims.

*Id.*

The Evanston Policy's Employer's Liability and Bodily Injury to Contractors Exclusion provides, in relevant part, as follows:

This insurance does not apply to:

**Employer's Liability**

"Bodily injury" to:

**(4)** An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

   **(a)** Employment by the insured; or

   **(b)** Performing duties related to the conduct of the insured's business;

**(5)** Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation; or

**(6)** The spouse, partner… or any other relative of any person described in Paragraph **(1)** or **(2)** above as a consequence of Paragraph **(1)** or **(2)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*\*\*

**Bodily Injury To Contractors Or Subcontractors**

"Bodily Injury" to any:

**(1)** Contractors or subcontractor while working on behalf of any insured;

**(2)** Employee, volunteer worker, leased worker or temporary worker of such  contractor or subcontractor indicated in Paragraph **(1)** above;

**(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or

**(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation.

This exclusion applies:

**(a)** Even if the claim against any insured alleges negligence or other wrongdoing in the:

   **(i)**   Selection, hiring or contracting;

   **(ii)**  Investigation;

   **(iii)** Supervision or monitoring;

   **(iv)**  Training; or

   **(v)**   Retention

**(b)** Whether the insured may be liable as an employer or in any other capacity;

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

                                    \*\*\*

(D.I. 1-2, 60-61.)

With respect to the policy language at issue, courts in Delaware and the Third Circuit have examined this exclusion and substantially similar exclusions and have found them to be unambiguous and enforceable. *See e.g., Masonic Home of Delaware, Inc. v. Certain Underwriters at Lloyd's London*, 80 A.3d 960 (Del. 2013); *Brown & Root Braun v. Bogan  Inc.*, 54  Fed. Appx. 542 (3d Cir. 2002) (holding that the contractor exclusion applied to bodily injury claims alleged by either the named or additional insured's employees regardless of which insured party sought coverage); *Evanston Ins. Co. v. M & M Gen. Carpentry, LLC*, 2020

WL 3969909, at *3 (D.N.J. July 14, 2020)(enforcing the exclusion where the bodily injury claim was alleged by an employee of the insured's subcontractor).

*Masonic Home* involved a declaratory judgment filed by an insured nursing home wherein the insured claimed that coverage was owed to it for the underlying negligence suit. *Masonic Home*, 80 A.3d 960, *1  The underlying action involved an employee of an independent contractor retained by the insured to prepare and serve food. *Id.*  The employee allegedly slipped and fell, suffered injuries, and, thereafter, claimed the insured was negligent. *Masonic Home of Delaware, Inc. v. Certain Underwriters at Lloyd's London*, 2013 WL 3006909, at *3 (Del. Super. Ct. May 22, 2013), *aff'd*, 80 A.3d 960 (Del. 2013).  The policy at issue contained an exclusion to the insurer's duty to defend for an injury to an insured's employee or an independent contractor arising out of duties related to the insured's business. *Masonic Home*, 80 A.3d 960, *2.  The Delaware Supreme Court rejected the insured's argument that the exclusion only applied to preclude coverage for injuries to the independent contractor but not the employees of the independent contractor doing work for the benefit of the insured. *Id*.

In its opinion (which was affirmed on appeal), the trial court described the insured's argument as "illogical," explaining:

> There is no reason that the exclusion should apply to a claim for harm to a subcontractor and not one for harm to an employee of a contractor, all other things being equal.  Further, a corporate independent contractor, like Unidine, can act only through its officers, employees,

and other workers.   An employee of a corporate independent contractor is thus either part and parcel of its employer or is an independent contractor with regard to its employers' counterparty.

*Masonic Home*, 2013 WL 3006909, at *6.

On appeal, the Delaware Supreme Court held that the only reasonable interpretation of the exclusion is that it applies to claims for harm to an employee of an independent contractor working for the insured nursing home.   *Masonic Home*, 80 A.3d 960, *2.  The Court found the insured's interpretation was contrary to the plain language of the exclusion.   *Id.*  Consequently, the court found that the insurer did not have a duty to defend or indemnify the insured.   *Id.*

State and federal courts also routinely enforce exclusions such as, or substantially similar to, the Employer's Liability and Bodily Injury to Contractors Exclusion contained in the Evanston Policy.   *See e.g.*, *Essex Ins. Co. v. RHO Chem. Co.*, 145 F. Supp. 3d 780 (N.D. Ill. 2015) (recognizing an oral contract between the contractor and subcontractor and holding that the exclusion in the Essex policy precluded coverage for injuries to subcontractor's employee); *Essex Ins. Co. v. Clark*, 2010 WL 3911424, at *5 (N.D. Tex. Oct. 5, 2010) (holding that exclusion unambiguously precluded coverage for bodily injuries to an employee or independent contractor of the insured); *Evanston Ins. Co. v. Alden Roofing Co., LLC*, 2017 WL 2335517, at *5 (N.D. Tex. May 30, 2017) (holding that the identical Employer's Liability and Bodily Injury to Contractors exclusion was

clear and unambiguous to exclude coverage); *Essex Ins. Co. v. Stone*, 2010 WL 330328, at *2 (E.D. Mo. Jan. 21, 2010) (holding that the clear, unambiguous language of the exclusion barred coverage for the injuries sustained by the insured's contractor; rejecting as immaterial the argument that the insured was liable based on a theory of premises liability); *Essex Ins. Co. v. Bickford & Sons, L.P.*, 2007 WL 2903850, at *4 (S.D. Tex. Oct. 2, 2007) (finding that regardless of whether the injured worker was employed by the contractor or the subcontractor, the exclusion precluded coverage); *Essex Ins. Co. v. Mondone*, 106 A.D.3d 1045 (N.Y. App. Div. 2013) (holding Essex had no obligations under the unambiguous language of the subcontractor policy exclusion and that exclusion applied where the injured party was another contractor at the jobsite); *Essex Ins. Co. v. G-1, Inc.*, 2012 WL 1230593 (N.Y.Sup.) (regardless of whether the underlying plaintiff was hired by the insured or the insured's  subcontractor,  the policy exclusion barred coverage); *Essex Ins. Co. v. Bossart Builders Inc.*, 2010 WL 1975319 (N.Y.Sup.) (reasoning that the use of the word "any" to describe employees clearly did not limit the scope of the exclusion to only those employed by a contractor or subcontractor); *Gomez v. Nicolia*, 2008 WL 4370053 (N.Y.Sup.) (holding that bodily injury claims alleged by plaintiff, an employee of the insured's subcontractor, were not covered pursuant to the exclusion); *Evanston Ins. Co. v. A & R Homes Dev., LLC*, 2019 WL 661587, at *4 (N.J. Super. App. Div. Feb. 19,

2019)(holding that exclusion clearly and unambiguously excluded coverage for injury to the insured's subcontractor's employee); *Terese v. 1500 Lorene, L.L.C.*, 441 Fed. Appx. 273, 274 (5th Cir. 2011) (enforced exclusion for "bodily injury" to any contractor, subcontractor or any agent or employee of a contractor or subcontractor that is doing work on or at, or is in any way involved with the operations performed for you…").

Underlying Plaintiffs assert that Aparicio-Munoz "was working as a laborer on a residential construction renovation/remodeling project" where Sea Light "was responsible for the construction, development, and management of the aforesaid renovation/remodeling project." (D.I. 1-1, ☐☐ 3, 4.) Underlying Plaintiffs allege that Aparicio-Munoz was "performing his duties as a laborer installing window frames on the residence … [when] he fell approximately 25 feet from an elevated "box lift" to the ground." (*Id.* at ☐5.) Sea Light admits that it was the general contractor for the Project. (Complaint, D.I. 1, ☐9, Answer, D.I. 6, at ☐9.) As such, there can be no legitimate dispute that Aparicio-Munoz was "working on behalf of any insured", i.e., Sea Light, at the time of his alleged accident. The Evanston Policy excludes coverage for claims arising out of bodily injury for Sea Light's employees, its contractors, subcontractors, their employees, volunteer workers, leased workers or temporary workers, any additional contractors or subcontractors of contractors or subcontractors of Sea Light, and "any other person

who performs labor in any capacity … with or without any form of compensation". Aparicio-Munoz was performing the labor of window framing installation work at the jobsite for the general contractor Sea Light. Therefore, under the clear and unambiguous Evanston Policy, there is no coverage for Sea Light for the Underlying Action.

It is anticipated that Sea Light will argue that there remains a question of fact as to whether Aparicio-Munoz and/or his employer or company was an independent contractor of Sea Light. (Answer, D.I. 6, Seventh Affirmative Defense.) As the Delaware Court in *Masonic Home* found, *supra*, such arguments are illogical and contrary to the plain language of the exclusion. The Evanston Policy excludes from coverage the underlying "bodily injury" for the spectrum of individuals identified in the exclusion - which undoubtedly includes Aparicio-Munoz who self-identified as a person performing labor at the Project. (Underlying Complaint, D.I. 1-1, ☐5) Consequently, whether Aparicio-Munoz was employed by Sea Light or was employed as a contractor or subcontractor or was an employee of a contractor or subcontractor, or was performing labor in any other capacity, Evanston does not have a duty to defend or indemnify Sea Light for the Underlying Action. (D.I. 1-2, 60-61.)

As quoted above, the Evanston Policy excludes coverage to employees, contractors, subcontractors, employees of contractors or subcontractors, volunteer

workers, leased workers or temporary workers of contractors or subcontractors, any additional contractors or subcontractors of Sea Light's contractors or subcontractors, and any other person who performs labor in any capacity for Sea Light.   Indeed, the Employer's Liability section of the exclusion expressly precludes coverage – not only for injuries to the employees of Sea Light but also "[a]ny other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation[.]"

Further, Sea Light's anticipated argument that Underlying Plaintiff Aparicio-Munoz may be an "independent contractor" at the jobsite is a red herring because the resolution of whether Aparicio-Munoz is an independent contractor does not change whether coverage is owed for the Underlying Action.   Coverage is not owed.   Specifically, the degree of control which Sea Light exercised over Aparicio-Munoz with respect to how he installed the window frames is simply unrelated to whether Aparicio-Munoz performed work in any capacity for Sea Light at Sea Light's jobsite when he was injured because the Evanston Policy's exclusion is not limited to bodily injury to employees of Sea Light.   *See e.g.*, *Cincinnati Specialty Underwriters Ins. Co. v. Juan Francisco Chajon*, 2017 WL 3233045, at *5 (N.D. Tex. July 31, 2017)(court examined whether the injured plaintiff was an independent contractor where the policy's exclusion excluded coverage for bodily injury to the insured's "employee").   As discussed above, the

exclusion in the Evanston Policy is not so limited to employees, but broadly applies to all contractors and subcontractors.  The inquiry of whether the exclusion applies depends on whether Aparicio-Munoz was an employee, contractor, subcontractor, a contractor or subcontractor's employee, volunteer worker, leased worker or temporary worker, a contractor or subcontractor of Sea Light's contractor or subcontractor, or any other person who performs labor in any capacity with or without any form of compensation.  It is undisputed that Underlying Plaintiffs alleged that Aparicio-Munoz was performing window framing installation "on behalf of" the named insured, Sea Light, who was the general contractor of the jobsite.  Therefore, the exclusion applies and coverage is not available under the Evanston Policy as Aparicio-Munoz was undoubtedly working on behalf of Evanston's insured Sea Light.

## **CONCLUSION**

For the above reasons, Evanston is entitled to a declaration that it has no duty to defend Sea Light in connection with the Underlying Action.  Further, because Evanston has no duty to defend Sea Light in connection with the Underlying Action, Evanston is entitled to a declaration that it has no duty to indemnify Sea Light in connection with the Underlying Action.

Accordingly, Evanston respectfully moves that this Honorable Court enter

judgment in its favor and that the Court enter Evanston's proposed Order.

Respectfully submitted,

**McGIVENY, KLUGER, CLARK & INTOCCIA, P.C.**

*/s/ Kiadii S. Harmon*
Kiadii S. Harmon
(DE Id. No. 5714)
1201 North Orange Street,
Suite 501
Wilmington, DE 19801
Phone: (302) 656-1200
Fax: (302) 656-1220
KHarmon@mcgivneyandkluger.com

Elaine Whiteman Klinger
(Admitted *Pro Hac Vice*)
Gavin Fung
(Admitted *Pro Hac Vice*)
KENNEDYS CMK, LLP
1600 Market Street
Suite 1410
Philadelphia, PA 19103
(267) 479-6700 (phone)
(267) 470-6710 (fax)
Elaine.Klinger@kennedyslaw.com
Gavin.Fung@kennedyslaw.com

Attorneys for Plaintiff,
Evanston Insurance Company

Dated:  April 7, 2021

## <u>CERTIFICATION PURSUANT TO STANDING ORDER</u>

Undersigned counsel for Plaintiff, Evanston Insurance Company, hereby certifies, pursuant to the Court's Standing Order Regarding Briefing In All Cases as follows: the foregoing Brief does not exceed the 5000 word limit and does not exceed the 20 page limit; the total number of words is 4322; and the foregoing Brief is typed in Times New Roman, 14-point font which complies with the type, font, and word limitations set forth in the Court's Standing Order.

**McGIVENY, KLUGER, CLARK & INTOCCIA, P.C.**

*/s/ Kiadii S. Harmon*
Kiadii S. Harmon
(DE Id. No. 5714)
1201 North Orange Street,
Suite 501
Wilmington, DE 19801
Phone: (302) 656-1200
Fax: (302) 656-1220
KHarmon@mcgivneyandkluger.com

Dated:  April 7, 2021