IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVANSTON INSURANCE COMPANY

  *Plaintiff,*

  v.

  No. 1:20-cv-01685-SB

SEA LIGHT DESIGN-BUILD, LLC

  *Defendant.*

---

R. Joseph Hrubiec, MᴄGɪᴠɴᴇʏ, Kʟᴜɢᴇʀ, Cʟᴀʀᴋ & Iɴᴛᴏᴄᴄɪᴀ, P.C.; Gavin Fung, Michael E. DiFebbo, Kᴇɴɴᴇᴅʏꜱ Lᴀᴡ CMK LLP, Philadelphia, PA.

  *Counsel for Plaintiff.*

Danielle K. Yearick, Tʏʙᴏᴜᴛ, Rᴇᴅꜰᴇᴀʀɴ & Pᴇʟʟ, Wilmington, DE.

  *Counsel for Defendant.*

---

**Mᴇᴍᴏʀᴀɴᴅᴜᴍ Oᴘɪɴɪᴏɴ**

March 28, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Insurance can be complex. Sometimes neither the insurer nor the insured knows whether a policy covers a claim. To settle the question, they can seek a declaratory judgment.

That is what happened here. A contractor was sued for tort in state court. It thinks that any liability there should be covered by its insurance policy. Yet its insurance company disagrees. To settle the matter, the insurer brought this declaratory judgment action.

Now the insured moves to stay or dismiss this case. This declaratory action is a state problem best left to state court, it says, so this federal court should abstain from deciding it.

I need not abstain. The parties ask whether an insurer has a duty to defend its insured in a state-court case. A federal court can decide that question so I will answer it. But I cannot answer whether that insurer must also cover damages not yet awarded in state court. Because that duty-to-indemnify claim is unripe, I dismiss it without prejudice.

## I. BACKGROUND

Sea Light is a general contractor. It was sued by one of its workers who got hurt on the job. D.I. 1-1; *Aparicio-Munoz v. Sea Light Design-Build LLC*, No. N2OC-07-170 (Del. Sup. Ct.).

At the time, Evanston Insurance Company promised to defend Sea Light in "bodily injury" lawsuits. D.I. 27 ¶ 19. But Evanston could escape its duty to defend (and

any liability from the lawsuit) if any of the policy's exceptions applied. D.I. 27 ¶ 25.

Evanston thought that one did. So it sued, asking this Court to declare that it has no (1) duty to defend Sea Light or (2) duty to indemnify it for any damages. *Id.* ¶ 42(A)–(B). Those duties are distinct under Delaware law, so I consider them separately. *Charles E. Brohawn & Bros., Inc. v. Emps. Com. Union Ins. Co.*, 409 A.2d 1055, 1058 (Del. 1979); *accord Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348, 352 (D. Del. 2009).

Sea Light parries that I must wait before deciding whether Evanston must indemnify it. D.I. 28, at 9. It also argues that I should abstain from deciding whether Evanston owes it a duty to defend. D.I. 49, at 4. Assuming I decide otherwise, Sea Light says that Evanston *must* indemnify and defend it. D.I. 28, at 15.

Evanston is half right. I cannot decide yet whether Sea Light must indemnify. But I will exercise federal jurisdiction over the duty-to-defend claim.

### III. I DISMISS THE DUTY-TO-INDEMNIFY CLAIM AS UNRIPE

Sea Light argues that it is too early for me to decide whether Evanston has a contractual duty to indemnify it. I agree, so I dismiss as unripe the parties' dueling declaratory-judgment claims over indemnity.

Federal courts cannot decide actions "in which there is no 'case[ ]' or 'controversy.'" *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990) (quoting U.S. Const. art. III)). Put differently, a case must be ripe: "there [must be] a legitimate dispute between the parties." *Id.*

To show that its indemnity claim is ripe, Evanston must show that:

- the parties' interests are adverse;

- a judgment would answer their question conclusively; and

- relief would give them "practical help[ ] or utility."

*Id.* But Evanston cannot check these boxes.

### A. The parties are not yet adverse enough

Adversity means that "actual harm will result if the declaratory judgment is not granted." *Layne Thomas Builders*, 635 F. Supp. 2d at 353 (citing *Step-Saver*, 912 F.2d at 647–48). But here, the absence of relief does not mean harm is inevitable.

For one, the state action is incomplete. If Sea Light is not liable to the worker, then Evanston will owe nothing. *See Layne Thomas Builders*, 635 F. Supp. 2d at 353 (finding inadequate adversity on similar facts); *accord Hartford Fire Ins. Co. v. Interdigital Commc'ns Corp.*, 464 F. Supp. 2d 375, 380 (D. Del. 2006) (same). Even if Sea Light is liable, Evanston can try again with its indemnity claim.

On the contrary, harm may result if I *grant* a declaratory judgment. Evanston still represents Sea Light in the action below and may need to keep doing so even if it does not have an indemnity duty. *See Charles E. Brohawn & Bros., Inc.*, 409 A.2d at 1058 (noting that the duty to defend is broader than the duty to indemnify). Letting Evanston pursue its indemnity claim here may "create a conflict between [its] duty to defend and its interest in avoiding coverage." *See Am. State Ins. Co. v. Component Techs., Inc.*, 420 F. Supp. 2d 373, 375 (M.D. Pa. 2005) (dismissing as unripe an indemnity-duty claim before underlying tort action finished). Indeed, discovery

here has already threatened such problems. For instance, Sea Light's Evanston-sponsored counsel objected to deposition requests from Evanston's counsel in this federal action *because* the requests were "detrimental to the underlying [state] case." D.I. 47-8, at 6.

### B. A judgment would not be final or helpful

The second and third boxes also remain unchecked. A judgment would not necessarily "be sufficiently conclusive" nor give practical guidance to the parties about Evanston's duty to indemnify. *Step-Saver*, 912 F.2d at 648.

Suppose, for instance, that I rule that Evanston must indemnify Sea Light if Sea Light loses in state court. Suppose further that Sea Light wins. My ruling will have zero bearing on what Evanston owes Sea Light. *See Sphere Drake, P.L.C. v. 101 Variety, Inc.*, 35 F. Supp. 2d 421, 430–31 (E.D. Pa. 1999). So that ruling would not have concluded Evanston and Sea Light's dispute. *See Hartford Fire*, 464 F. Supp. 2d at 381 (finding the second and third *Step-Saver* factors not met on similar facts); *accord Republic Servs. of Pa., LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 473–74 (E.D. Pa. 2018) (same).

Plus, granting declaratory judgment here would be impractical because it could lead to inconsistent results. *Hartford Fire*, 464 F. Supp. 2d at 381. Imagine that I rule that Evanston must indemnify Sea Light. But after, the worker in the state suit unearths a fact that would save Evanston. The parties might sue each other to see which holding should stand. So a premature entry might end up encouraging more litigation, not ending it. *Id.*

5

Yet Evanston may have another shot. The state action is scheduled for trial in November 2022. *See* Docket Rep., *Aparicio-Munoz v. Sea Light Design-Build, LLC*, N2OC-07-170 (Del. Sup. Ct.). If Sea Light is liable there, Evanston may decide to add this claim back in. So I dismiss its duty-to-indemnify claim without prejudice.

## II. I WILL DECIDE THE DUTY-TO-DEFEND CLAIM

Ordinarily, federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But cases under the Declaratory Judgment Act are different.

The Act says that "any court of the United States … *may* declare the rights of [a party] … whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). So "[t]he Supreme Court has long held that the [Act] … 'confer[s] … unique and substantial discretion' upon district courts to decide whether to exercise jurisdiction in declaratory judgment actions." *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 196 (3d Cir. 2021) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995)). Thus, I may abstain from hearing an action under the Act.

But my discretion "is not absolute." *Id.* The Supreme Court has set forth a long list of factors that guide whether a federal judge *should* sidestep a declaratory judgment action. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *DiAnoia's Eatery*, 10 F. 4th at 196–97 (describing modern test).

Here, because Sea Light flagged "the propriety" of federal jurisdiction, I must

"meaningfully consider" these factors, decide whether to abstain, and make "a record [of my analysis] sufficient" for appellate review. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 n.22 (3d Cir. 2014); D.I. 52, at 3. Because I dismiss the indemnity claim, I consider only the duty to defend.

## A. The absence of a parallel state action favors federal jurisdiction

I first look at whether there is a "pending parallel state proceeding." *DiAnoia's Eatery*, 10 F.4th at 196. This is the most important factor. The existence of a parallel action "militates significantly" in favor of abstaining jurisdiction; the absence of one cuts the other way with equal force. *Id.* (internal quotation marks omitted).

Here, there is no parallel state action. The underlying tort action does not count because it has different parties and different claims. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284, 287 (3d Cir. 2017).

That absence puts a heavy thumb on the scale for federal jurisdiction, but it is not dispositive. *Id.* at 282. I must now "be rigorous in ensuring" that this factor is not outweighed by the others. *DiAnoia's Eatery*, 10 F.4th at 197 (internal quotation marks omitted).

## B. The absence of a parallel action is not outweighed by other factors

Next, I turn to the eight factors outlined in *Reifer v. Westport Insurance Corp.* 751 F.3d at 134–35. Here, three favor federal jurisdiction, four are neutral, and only one favors abstention.

*1.* Reifer *factors 1, 2, and 3 favor federal jurisdiction. Reifer* first asks whether a federal judgment "will resolve the uncertainty of obligation [that] gave rise to the

controversy." *Id.* at 146. Here, the answer is yes, suggesting that I should hear this case.

To decide whether Evanston has a duty to defend, I must interpret the insurance policy based on the state-complaint allegations. *See Am. Ins. Grp. v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 829 (Del. 2000). I can do that without encroaching on the state tort action. *See DiAnoia's Eatery*, 10 F.4th at 205–6.

Second, I look to whether coming to federal court would inconvenience the parties. *Reifer*, 751 F.3d at 146. Because it would not, this factor also favors federal jurisdiction. Sea Light is a Delaware company based in Frankford, Delaware, making a federal court in Delaware no less convenient than its state peer. D.I. 27 ¶ 4. Plus, Sea Light counterclaimed in this court, suggesting it was prepared to litigate here. D.I. 28; *see Kelly*, 868 F.3d at 288 (finding convenience in similar scenario).

Third, I look to the "public interest" in giving declaratory relief. *Reifer*, 751 F.3d at 146. This factor also leans in favor of jurisdiction. While no special federal interest is implicated, I still have "the usual interest in the fair adjudication" of this dispute. *Kelly*, 868 F.3d at 288. And Sea Light has not flagged a novel state-law issue cutting the other way. *See DiAnoia's Eatery*, 10 F.4th at 207.

*2. Factors 4 through 7 are neutral or do not apply.* Next, I look to the "availability and relative convenience of other remedies." *Reifer*, 751 F.3d at 146. This factor is neutral since a state court would be equal to the task. *See Kelly*, 868 F.3d at 289 (same).

And the next three *Reifer* factors do not apply. Factors 5 and 6 are relevant only if "the same issues are pending in a state court," which is not the case here. *Reifer*, 751 F.3d at 135. Then Factor 7 asks whether this declaratory action is being used "as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*." *Id.* Yet there is no evidence of such abuse here: both parties sought relief in this court. *See* D.I. 28.

*3. Factor 8 stands alone in favor of abstention.* The last *Reifer* factor puts courts on notice about the "inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling [outside the] policy." 751 F.3d at 146. That conflict exists here. D.I. 51, at 8. Indeed, Sea Light's state counsel has objected to its federal counsel's deposition requests. *See* D.I. 47-8, at 6.

But that is the only *Reifer* factor that favors abstention, so it is not enough. *See DiAnoia's Eatery*, 10 F.4th at 197. I do not find "that the lack of pending parallel state proceedings is outweighed." *Reifer*, 751 F.3d at 144.

## C. The *Summy* factors do not upend the balance

Because this declaratory action involves insurance coverage, two last factors apply. *DiAnoia's*, 10 F.4th at 197 (citing *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000)). First, if "applicable state law is 'uncertain or undetermined,' [I] should be particularly reluctant to exercise … jurisdiction." *Reifer*, 751 F.3d at 141 (quoting *Summy*, 234 F.3d at 135). Second, it is "especially important" to "seri-ous[ly] consider[]" that "[I am] limited to predicting—rather than establishing—

state law.'" *Reifer*, 751 F.3d at 148 (internal quotation marks omitted).

This dispute does not require me to resolve uncertain questions of state law. Evanston argues that it has no duty to defend because the injuries suffered by the state plaintiff are not covered by the insurance policy. D.I. 27 ¶¶ 33, 36−37, 41−42(A)–(B). That is a simple matter of contractual interpretation: does the state-tort complaint fall within the four corners of Evanston's policy? *See Am. Ins. Grp.*, 761 A.2d at 829.

True, Sea Light argues that enforcing Evanston's exclusions would violate Delaware law and public policy. *Id.* at 11–12. But Delaware has already endorsed similar policies with these kinds of exclusions. *See, e.g.*, *Masonic Home of Del., Inc. v. Certain Underwriters at Lloyd's London*, 80 A.3d 960 (Del. 2013) (employees of independent contractor); *Del. Ins. Guar. Ass'n v. Valley Forge Ins. Co.*, 1992 WL 147998, at *6 (Del. Sup. Ct. June 9, 1992) (worker's-compensation exclusion). So this is not a case where district courts must "step back" and let Delaware courts "resolve unsettled [Delaware] law matters." *Summy*, 234 F.3d at 136.

The two *Summy* factors do not weigh in favor of abstention. Plus, the other abstention factors yield a strong presumption in favor of federal jurisdiction. So I reject Sea Light's invitation to abstain jurisdiction, and I will thus hear the duty-to-defend claim.

\* \* \* \* \*

Because it is unripe, I dismiss Evanston's duty-to-indemnify action without prejudice. And I exercise federal jurisdiction over its duty-to-defend claim.

10