IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVANSTON INSURANCE COMPANY

*Plaintiff,*

v.

No. 1:20-cv-01685-SB

SEA LIGHT DESIGN-BUILD, LLC

*Defendant.*

---

R. Joseph Hrubiec, MCGIVNEY, KLUGER, CLARK & INTOCCIA, P.C., Wilmington, DE; April T. Villaverde, HINSHAW & CULBERTSON LLP, Edison, NJ.

*Counsel for Plaintiff.*

Danielle K. Yearick, TYBOUT, REDFEARN & PELL, Wilmington, DE.

*Counsel for Defendant.*

---

**MEMORANDUM OPINION**

March 21, 2023

BIBAS, *Circuit Judge*, sitting by designation.

Sea Light Design-Build took out an insurance policy that covered bodily injury. But it did not cover bodily injury to Sea Light's workers. Now, one of those workers has sued Sea Light for bodily injury, and Sea Light wants its insurer to defend it. But the policy is clear: this injury is not covered. So I will hold Sea Light to its bargain and grant the insurer summary judgment.

## I. AN INSURER DOUBTS COVERAGE

Sea Light Design-Build is a general contractor. A worker at one of its sites fell off a box lift and was injured. Underlying Am. Compl., D.I. 28-1 ¶ 8. The worker, Julio Aparicio-Muñoz, sued Sea Light and later added two other companies as defendants. *See generally id.*

Sea Light's insurer, Evanston Insurance Company, investigated Aparicio-Muñoz's claim. Evanston initially agreed to defend Sea Light against the lawsuit. Am. Compl., D.I. 27 ¶¶ 22–26. But then it decided that the suit was excluded from the insurance policy. *Id.* ¶ 26. So, while continuing to defend Sea Light, Evanston asked for a declaratory judgment saying so. I dismissed its duty-to-indemnify claim as unripe but agreed to hear its duty-to-defend claim. D.I. 58.

Now the parties have filed cross-motions for summary judgment. Evanston wants me to declare that it has no duty to defend Sea Light. D.I. 72. Sea Light wants me to declare that Evanston does have such a duty and has acted in bad faith by contesting it. D.I. 70. Evanston is right: Aparicio-Muñoz's lawsuit is not covered.

## II. DECLARING A DUTY TO DEFEND

I will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether an insurer has a duty to defend, Delaware courts resolve doubt and ambiguity in favor of the insured. *See Pac. Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1254–55 (Del. 2008). An insurance policy is a contract, and its interpretation is a matter of law. *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001). As for the facts, "a court typically looks to

2

the allegations of the [underlying] complaint to decide whether the third party's action against the insured states a claim covered by the policy." *Am. Ins. Grp. v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 829 (Del. 2000). The court reads the underlying complaint as a whole and draws reasonable inferences from it; the plaintiff's characterizations of the facts are not binding. *See Pac. Ins. Co.*, 956 A.2d at 1254; *Blue Hen Mech., Inc. v. Atl. States Ins. Co.*, 2011 WL 1598575, at *2 (Del. Super. Ct. Apr. 21, 2011), *aff'd*, 29 A.3d 245 (Del. 2011). But courts are not always limited to the four corners of the underlying complaint. Delaware law "does not restrict a court from referring to the record when doing so would be useful to its analysis." *Liberty Ins. Co. v. Korn*, 210 F. Supp. 3d 612, 618–19 (D. Del. 2016).

### III. THE POLICY EXCLUDES WORKERS' INJURIES

Start with the policy. Evanston promised to defend Sea Light against bodily-injury lawsuits. Ins. Policy, D.I. 1-2 at 20 § 1(a). But there were exclusions. Two are relevant here. One deals with bodily injury to employees; the other to contractors.

The "**Employer's Liability**" section says that the policy excludes injuries to:

**(1)** An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business;

**(2)** Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation; or

**(3)** [Family members.]

3

> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

*Id.* at 60 § A.

The "**Bodily Injury To Contractors Or Subcontractors**" section similarly excludes injuries to any:

> **(1)** Contractor or subcontractor while working on behalf of any insured;
>
> **(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above;
>
> **(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or
>
> **(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation.

*Id.* at 60 § B.

These are broad exclusions. Under them, Aparicio-Muñoz's injury is excluded from coverage if he (1) was Sea Light's employee, temporary worker, contractor, or subcontractor, or (2) "perform[ed] labor in any capacity for or on behalf of" Sea Light or its contractor or subcontractor.

### IV. APARICIO-MUÑOZ SAYS HE WAS INJURED WHILE WORKING

Now consider Aparicio-Muñoz's complaint. He sued Sea Light and two other contractors. D.I. 28-1 ¶¶ 3–5. He alleges in the alternative that he was working for each of them when he was injured. *See id.* ¶¶ 10, 20, 32. And in a key paragraph, he explains their relationship with each other: "At all times pertinent hereto, the aforementioned construction site premises and individuals on site, whether employees of

4

or working for or on behalf of Sea Light or others, were managed, maintained, supervised, and/or under the control of Defendant Sea Light." *Id.* ¶ 10 (emphases omitted). That is, Sea Light was a general contractor ultimately responsible for everyone working on-site. And because Aparicio-Muñoz was working on-site, he was working for Sea Light—either directly or through a subcontractor.

Sea Light says this is not enough. Because Aparicio-Muñoz's complaint does not explicitly say that he worked for Sea Light or explain the relationship between Sea Light and the other contractors, Sea Light argues, I cannot conclusively establish the chain from it down to Aparicio-Muñoz. *See* D.I. 71 at 7, 12–13. Discovery could show "that he was an independent contractor … working for or on behalf of other independent entities unaffiliated with [Sea Light]." D.I. 71 at 12. This showing would put him outside the exclusions for employees and contractors.

Yet Sea Light's argument ignores context. "The Court may review the complaint as a whole, considering all reasonable inferences that may be drawn from the alleged facts." *Blue Hen*, 2011 WL 1598575, at *2. Aparicio-Muñoz's complaint makes clear that Sea Light was ultimately responsible for the entire project and the people working on it. D.I. 28-1 ¶¶ 5, 7, 10, 12(u), 19, 20, 22, 24(u), 31, 32, 34, 36(u). The other companies were "responsible for" only "*certain* aspects of the … project." *Id.* ¶¶ 19, 31 (emphasis added). The obvious implication is that the other companies were Sea Light's subcontractors. So every worker on site was at least "perform[ing] labor … for or on behalf of" Sea Light. D.I. 1-2 at 60 §§ A, B. For Aparicio-Muñoz to be outside the exclusions, he would need to be either a non-worker or working for a company

5

unaffiliated with Sea Light. His complaint forecloses both possibilities.

## V. EVANSTON HAS NO DUTY TO DEFEND

Putting the contract and Aparicio-Muñoz's complaint together, Evanston has no duty to defend Sea Light against his lawsuit. Aparicio-Muñoz's complaint shows that he was Sea Light's employee or subcontractor, and the policy excludes those groups from coverage.

I could stop there. But the record strongly confirms this reading. Aparicio-Muñoz testified that he worked exclusively for Sea Light full-time. *See* D.I. 73-3 Ex. D at 17:3–18:5. Though it is unclear whether he was a contractor or employee, he testified that Sea Light provided his tools and assigned him a supervisor. *See id.* at 18:23–22:1; 27:19–28:6. And Sea Light's owner testified that Sea Light oversaw all the subcontractors on the project. *Id.* Ex. E at 10:17–12:4. Sea Light quibbles with this evidence, and perhaps some of it will fare poorly in the underlying action. For our purposes, though, the record confirms that Aparicio-Muñoz was working for Sea Light or its contractor when he was injured.

## VI. EVANSTON DID NOT ACT IN BAD FAITH

Sea Light says that Evanston has acted in bad faith by bringing this action. It is wrong for several reasons; chief among them is that Evanston was right. So Sea Light is not entitled to attorneys' fees.

\* \* \* \* \*

Sea Light bought an insurance policy that broadly excluded bodily injury to workers. A worker has sued it for bodily injury. It cannot now expect its insurer to step in and defend it. So I deny its motion for summary judgment and grant Evanston's.